**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| JAMES B. CARTER, JR., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>C.R. ENGLAND, INC.<br><br>    Defendant. | Case No. _____<br><br>**FLSA COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**

Plaintiff James B. Carter, Jr. ("Plaintiff" or "Carter"), individually and on behalf of all others similarly situated, files this Original Complaint against Defendant C.R. England, showing in support as follows:

**I.   INTRODUCTION AND NATURE OF ACTION**

1.   This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay minimum wages to Plaintiff and similarly situated long-haul over-the-road truck driver employees of Defendant as a collective action under 29 U.S.C. § 216(b).

2.   Defendant C.R. England, Inc. ("Defendant" or "C.R. England") amongst other business activities, provides long-haul trucking services to its customers, with locations across the United States. In connection with these services, C.R. England employs truck drivers like Plaintiff to drive its trucks.

3. Defendant failed to ensure that the weekly wages Plaintiff received were equaled at least the applicable minimum hourly wage for all hours that Plaintiff worked per week. In many instances Plaintiff did not receive the applicable minimum wage for all hours of work per seven-day workweek because the weekly mileage pay they received, when divided by the weekly hours considered worked under the FLSA, was less than the applicable minimum hourly wage rate.

4. Defendant's conduct was not limited to its treatment of Plaintiff. It paid all of its employee long-haul over-the-road truck drivers without ensuring that its workers were paid minimum wage for all hours of work completed in each workweek. As the result of this pay practice, Defendant frequently failed to pay its employee long-haul over-the-road truck drivers' applicable minimum wages for all hours that they worked.

5. Now, therefore, Plaintiff files this lawsuit individually and on behalf of all other similarly situated employee drivers who worked for Defendant C.R. England. The lawsuit seeks damages for the difference between the amount of pay Plaintiff and putative Collective Action Members received and the applicable minimum wages they earned on a weekly basis during the period of their employment in addition to liquidated damages, legal fees, costs, post-judgment interest, and all other damages allowed by the FLSA.

## II.   THE PARTIES

**A.   Plaintiff James B. Carter, Jr.**

6. Plaintiff James B. Carter, Jr. is an individual residing in the state of Louisiana.

7. Carter worked for Defendant in and out of the state of Louisiana.

8. Carter was an employee of Defendant who worked as a long-haul over-the-road truck driver, transporting goods in a large container truck belonging to Defendant with an attached

bunk cab. His work took him across state lines and required that he sleep in the cab of his truck while away from home working for Defendant.

9.  Carter's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.   Putative Collective Action Members**

10.  The putative collective action members are all current or former long-haul over-the-road trucking employees of Defendant who were, at any time in the three years prior to the filing of this lawsuit and forward.

11.  Plaintiff seeks to represent the putative collective action members seeking damages for claims of unpaid minimum wages and liquidated damages pursuant to the FLSA, and is similarly situated to the collective action members pursuant to 29 U.S.C. § 216(b).

**C.   Defendant C.R. England, Inc.**

12.  Defendant C.R. England, Inc, is a trucking company, providing transportation and logistics services to customers throughout the country. Defendant is a corporation incorporated in the state of Utah. During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the state of Louisiana.

13.  Defendant's principal place of business is 4701 W. 2100 S., Salt Lake City, Utah 84120.

14.  At all times relevant to this lawsuit, Defendant has been and is an "enterprise engaged in commerce" as defined by the FLSA.

15.  At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

16. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

17. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: transportation of goods across state lines, communications using phones and radio with other employees and representatives or employees of customers of Defendant to facilitate delivery of goods from one location to another.

18. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include communications devices, truck fuel, and other equipment, supplies, and materials that were used in connection with Defendant's principal business operations.

19. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20. Defendant may be served with summons through its registered agent CT Corporation System, 1108 E South Union Ave, Midvale, Utah 84047.

### III.   JURISDICTION AND VENUE

21. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

22. The United States District Court for the Western District of Louisiana has personal jurisdiction over Defendant because Defendant does business in Louisiana and this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Louisiana and in this District.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims pleaded herein occurred in this District, and in this Division.

## IV.   FACTUAL BACKGROUND

24. Plaintiff and similarly situated long-haul over-the-road truck drivers were employed by Defendant in connection with its logistics/trucking business operations.

25. In the course of their employment with Defendant, Plaintiff and similarly situated long-haul over-the-road truck drivers were routinely on duty for over twenty-four hours straight. Many worked away from home for many consecutive days or weeks.

26. In connection with their truck driving work, Plaintiff and similarly situated long-haul over-the-road truck drivers were required to perform duties and remain at all times with or near the truck, to help protect the Defendant's trucks and the contents of the towed shipping containers/trailers.

27. When dividing the total weekly pay by the total weekly hours worked under the FLSA, respectively, for the Plaintiff and putative Collective Action Members, there are numerous workweeks in the time period of three years preceding the date this lawsuit was filed and forward that Plaintiff and the putative Collective Action Members were not paid at least the FLSA minimum hourly wage rate by Defendant.

## V.   CONTROLLING LEGAL RULES

28. The FLSA requires that an employer pay its employees at least the federal minimum wage for all hours of work completed on behalf of the employer. 29 U.S.C. § 206. 32. As of the filing of this lawsuit, the federal minimum wage is $7.25 per hour, and it has been $7.25 at all times relevant to this lawsuit. 29 U.S.C. § 206(a).

29. Regulations to the FLSA require that, where an employee is required to be on duty for twenty-four (24) hours or more, all of those hours of work are compensable hours worked, absent a prior agreement of the employer and employee to the contrary. See 29 C.F.R. § 785.22(a).

30. In the event the employer and employee do agree to exclude bona fide sleeping periods, the employer may only credit eight hours of work time as sleeping time. See id. 35. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)- (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

31. The FLSA's Motor Carrier Act Exemption applies only to an employee's eligibility for overtime wages, and not to their entitlement to minimum wages. See 29 U.S.C. § 213(b)(1) (exempting transportation workers from maximum hour requirements only). Consequently, employees subject to the Motor Carrier Act Exemption are entitled to minimum wages.

32. Transportation workers may not be subject to binding individual arbitration. *See* 9 U.S.C. § 1; *New Prime Inc. v. Olivera*, 139 S.Ct. 532, 539 (2019) (interpreting Federal Arbitration Act to find that district court did not have authority to compel interstate trucker's claim to arbitration).

## VI. CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS OF WORK

33. At all times relevant to this lawsuit, Defendant has been and is an eligible and covered employer under the FLSA. See 29 U.S.C. § 203(d).

34. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. See 29 U.S.C. § 203(s)(1)(A).

35. At all times relevant to this lawsuit, Defendant has employed and continues to employ two or more long-haul over-the-road truck driver employees, including Plaintiff and the putative Collective Action Members, who engaged in commerce or who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

36. At all relevant times, Defendant has had annual gross volume of sales or business done in excess of $500,000.

37. The FLSA applied/applies to Plaintiff and the putative Collective Action Members at all times that they worked as long-haul over-the-road truck driver employees for Defendant.

38. No exemption applies which would prohibit Plaintiff and the putative Collective Action Members from receiving minimum wages for all hours worked for Defendant.

39. At all relevant times, Plaintiff and the putative Collective Action Members were employees of Defendant within the meaning of the FLSA, paid by IRS Form W-2.

40. At all relevant times, Plaintiff and the putative Collective Action Members were entitled to be paid at least the FLSA minimum wage for all hours worked for Defendant.

41. Because Plaintiff and the putative Collective Action Members worked for periods in excess of twenty-four (24) hours, they were entitled to be paid for all hours worked in those

periods, unless there was a prior agreement that Defendant could subtract eight hours of sleep time from their workday.

42. On information and belief, no such agreement to subtract eight hours of sleep time per day existed between Plaintiff and Defendant or between the putative Collective Action Members and Defendant.

43. Defendant's pay practice was to pay wages to Plaintiff and the putative Collective Action Members on a per-mile basis.

44. Defendant did not ensure that these wages met or exceeded the minimum wage when divided by all of the hours Plaintiff and the putative Collective Action Members worked each workweek.

45. The wages received by Plaintiff and the putative Collective Action Members from Defendant frequently fell short of the minimum wage when dividing all weekly wages paid by all weekly hours worked under the FLSA.

46. Defendant's failure to pay Plaintiff and the putative Collective Action Members at least the FLSA minimum hourly wage rate violated the FLSA.

47. Defendant's violation of the FLSA is/was willful within the meaning of 29 U.S.C. § 255(a).

48. At all material times, Defendant was aware that Plaintiff and the putative Collective Action Members were not paid at least the FLSA minimum wage for all hours worked per workweek.

49. Plaintiff and the putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claims as the result of Defendant's willful conduct. See 29 U.S.C. § 255(a).

## VII.   COLLECTIVE ACTION CLAIMS

50. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

51. Plaintiff seeks to bring their claims under the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and a collective preliminarily defined as:

> **All current and former long-haul truck driver employees of Defendant who operated out of any of Defendant's locations and did not receive the federally mandated minimum wage for all of their respective weekly hours of work**.

52. Plaintiff has personal knowledge that other putative collective action members were paid pursuant to the same policy as he was, namely, paid on a per-mile basis without regard to whether the wages paid satisfied the FLSA requirement that all hours worked be paid at the applicable minimum wage.

53. The putative collective action members are similarly situated to Plaintiff in all relevant respects, having performed the same work duties as Plaintiff and being similarly situated with regard to Defendant's pay methods and/or practices.

54. The putative collective action members are not exempt from receiving pay at the federally-mandated minimum wage rate under the FLSA.

55. Defendant's failure to pay minimum wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative collective action members.

56. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

57. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

58. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

59. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

60. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII.  JURY DEMAND

61. Plaintiff demands a jury trial.

## IX.  DAMAGES AND PRAYER

62. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative collective action members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest;

      g. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: August 25, 2020

                                        Respectfully submitted,

                                        /s/ Kenneth W. DeJean
                                        Kenneth W. DeJean (La. Bar No. 4817)
                                        Adam R. Credeur (La. Bar No. 35095)
                                        LAW OFFICES OF KENNETH W. DEJEAN
                                        417 W. University Ave. (70506)
                                        P.O. Box 4325
                                        Lafayette, LA 70502
                                        Telephone: (337) 235 - 5294
                                        Fax: (337) 235 – 1095
                                        kwdejean@kwdejean.com
                                        adam@kwdejean.com
                                        Local Counsel for Plaintiffs

                                        SHELLIST | LAZARZ | SLOBIN LLP
                                        Melinda Arbuckle (to be admitted *pro hac vice*)
                                        Texas Bar No. 24080773
                                        marbuckle@eeoc.net
                                        Ricardo J. Prieto (to be admitted *pro hac vice*)
                                        Texas Bar No. 24062947
                                        rprieto@eeoc.net
                                        Shellist Lazarz Slobin LLP
                                        11 Greenway Plaza, Suite 1515
                                        Houston, TX 77046
                                        (713) 621-2277 – Telephone
                                        (713) 621-0993 – Facsimile

                                        ATTORNEYS FOR PLAINTIFF AND PUTATIVE
                                        COLLECTIVE ACTION MEMBERS